UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-11028-RWZ

CHARLES LANGONE,
*Fund Manager of the New England Teamsters
and Trucking Industry Pension Fund*

v.

N&D TRANSPORTATION COMPANY, INC., *et al.*

MEMORANDUM OF DECISION AND ORDER

July 23, 2018

ZOBEL, S.D.J.

On September 24, 2012, the court entered a default judgment in the amount of $1,505,186.18 for the New England Teamsters and Trucking Industry Pension Fund (the "Fund") against D&N Transportation Company, Inc., for unpaid withdrawal liability pursuant to ERISA.  See Langone v. D&N Transportation Co., Inc., C.A. No. 12-10646-NMG (D. Mass. Sept. 24, 2012) (ECF No. 14).  The judgment remains unsatisfied.  In March 2014, the Fund filed a new complaint against a new entity, N&D Transportation Company, Inc., as well as a number of individuals and a corporation asserting their liability based on alter ego, fraudulent transfer, and reach-and-apply theories.  See Langone v. N&D Transportation Co., Inc., C.A. No. 14-11028-RWZ.  That case is before me on motions by all current defendants to dismiss the Fund's Third Amended Complaint for a number of different reasons.

**A.     N&D's Motion to Dismiss**

N&D, the pivotal defendant, argues that the claim against it must be dismissed because plaintiff failed to provide it with notice of the withdrawal liability as required by ERISA. However, defendant concedes that D&N was provided with satisfactory notice and that the Third Amended Complaint adequately pleads that N&D is an alter ego of D&N. As the Third Circuit reasoned in <u>Foodtown</u>, "[i]t is unnecessary to notify a corporation's alter ego because notice is accomplished through the alter ego relationship." <u>See</u> <u>Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.</u>, 296 F.3d 164, 175 (3d Cir. 2002). Since "notice to [D&N] served as notice to its alter egos," including N&D, N&D's motion to dismiss (Docket # 97) is denied. <u>See</u> <u>id.</u>

**B.     Moving Forward Efficiently**

At the hearing on defendants' motions to dismiss, the court suggested that if N&D's motion were denied the parties could more efficiently resolve the entire case by litigating the claim against this defendant separately from and before the claims against the others. Plaintiff indicated that he would proceed by motion for summary judgment and all parties were amenable to that course of action.

Accordingly, the parties shall submit, by August 3, 2018, a joint proposed briefing schedule together with suggested dates for argument. In the meantime the court will reserve ruling on the remaining motions to dismiss.

|  |  |
|---|---|
|    July 23, 2018    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL |
|  | SENIOR UNITED STATES DISTRICT JUDGE |